## THE ALEX CLARK.

### (District Court, S. D. New York. December 10, 1923.)

1. Shipping ⚖16—Vessel whose destination is another vessel on high sea not engaging in coastwise trade.

Where a vessel licensed for coastwise trade, under Rev. St. title 50, victualed a British ship on the high seas hovering off the port of New York to sell contraband spirits she was employed in a trade other than that for which she was licensed, in violation of Rev. St. § 4377 (Comp. St. § 8132), as the trade must terminate in a port of the United States or the vessel must be registered under title 48, c. 1 (Comp. St. §§ 7707–7788).

2. Shipping ⚖16—Voyage for purpose of victualing another vessel on high seas is a "foreign voyage."

Where a vessel licensed for coastwise trade, under Rev. St. tit. 50 (Comp. St. §§ 8057–8146), victualed a British ship on the high sea hovering off the port of New York, she was proceeding on a "foreign voyage," in vio-

lation of Rev. St. § 4337 (Comp. St. § 8086), as such a voyage is not necessarily to a foreign port and all places on the high seas are foreign to the United States, though not within the dominion of any other power.

[Ed. Note.—For other definitions, see Words and Phrases, Foreign Voyage.]

In Equity. Suit by the United States to forfeit the steam screw Alex Clark, her engines, tackle, apparel, stores, and furniture. Sur exceptions to libel. Exceptions overruled.

Sur exceptions to a libel of information against a vessel licensed for coastwise trade under title 50 of the Revised Statutes (Comp. St. §§ 8057–8146). The suit is to forfeit an American vessel which victualed a British ship hovering off the port of New York. The libel was in two counts; the first, that the vessel was licensed and enrolled for coastwise trade, and being so licensed steamed from the port of New York to a vessel of British registry on the high seas, to wit, 15 miles off shore, and there delivered to her certain merchandise. This count is laid under Revised Statutes, § 4337 (Comp. St. § 8086). The second count is the same except that it is laid under Revised Statutes, § 4377 (Comp. St. § 8132).

Walter B. Hall, of New York City, for exceptant.
Morris Streusand, of New York City, opposed.

LEARNED HAND, District Judge. [1] The first count turns on whether the vessel did "proceed on a foreign voyage;" the second on whether she was "employed in any other trade than that for which she is licensed." I cannot see how there can be any question as to the second count. In some trade she was certainly employed at the time, and how it can be thought that this was coastwise I cannot see. Such trade must terminate in a port of the United States, else she must be registered. Title 48, c. 1 (Comp. St. §§ 7707–7788); Huus v. N. Y., etc., S. S. Co., 182 U. S. 392, 21 Sup. Ct. 827, 45 L. Ed. 1146. Coastwise trade was there held to include Porto Rico only because it was a part of the domestic trade of the United States, the island having been annexed. The trade of a vessel whose destination is a point on the high seas, where she delivers her cargo, is other than coastwise, because the destination is not a point on the coast of the United States.

[2] While the point is not so clear on the first count it is clear enough. "A foreign voyage" is not necessarily a voyage to a foreign port. A point on the high seas is, indeed, not such a port. Hamburg-American, etc., Co. v. United States, 250 Fed. 747, 163 C. C. A. 79. But the statute does not say that the vessel must be bound to a foreign port. All places on the high seas are foreign to the United States, though not within the dominion of any other power. As before, it is the destination which counts, and it is only misleading to suggest with the claimant that the theory of the libel involves as a consequence that whenever a coastwise vessel steams more than a league off shore she is on a foreign voyage. She may keep as far clear of the shore as she pleases, so long as she is passing from one port of the United States to another. But one may deliver goods anywhere, and if the point intended be outside the territorial limits of the United States it is a point foreign to the United States and a voyage directed to it is a foreign voyage.

Revised Statutes, § 4377, is indeed a more limited provision than section 4337, since it would cover a vessel which engaged in fishing when only licensed for coastwise trade, and there may be plausibility in arguing that to engage in any fishing whatever cannot be a foreign voyage. Rev. Stat. § 4311 (Comp. St. §· 8057). That argument would, however, carry one no farther than to exclude from foreign voyages any fishing voyage. It would scarcely go so far as to require that the voyage must end at a foreign port. Suppose that unlivery is made into small boats lying more than a league off a foreign port. Indeed, take as an example the very vessel victualed in the case at bar. Was she not upon a foreign voyage? Nor does it seem to me to change the nature of the voyage that the discharged cargo is to be consumed on the high seas. The colliers who coaled the German vessels in Hamsburg-American, etc., Co. v. United States, supra, were surely engaged on foreign voyages. Certainly they were not doing a coastwise trade, and I cannot suppose that there is trade which is neither coastwise nor ·foreign. The Revised Statutes recognize no such tertium quid, and yet they mean to cover all sorts of commerce.

The claimant has also filed what is called an "exceptive allegation," a practice becoming more common of late. Without considering its regularity, or what effect it can have, I need not pass on it here, because no point was made of it on the argument.

The exceptions to the libel are overruled.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes